UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY C. ABSTON                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:13-cv-1018-LRA

FRANK SHAW, ET AL.                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment filed by Defendants Alexander, D. Smith, Mason, Pulliam, Jones and Shaw [65].[1] Having considered the record in this matter, the Court grants Defendants' motion for the following reasons.

### I. Background

Plaintiff filed this lawsuit *pro se* and pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the East Mississippi Correctional Facility (EMCF). The Court held an omnibus or *Spears* hearing in this matter on April 9, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[2] At the hearing, all parties consented to the undersigned deciding this case in its entirety. [55].

---

[1] Defendants Arrington, Ross, T. Smith, and Young were never served with process and Plaintiff was so notified. [54]. Plaintiff having failed to provide addresses to the Court for these Defendants, the Court dismisses the claims against Defendants Arrington, Ross, T. Smith and Young without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

Defendant Anderson was dismissed on Plaintiff's motion by prior Order of the Court. [54].

[2] *See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

Plaintiff filed the instant action on March 24, 2013,[3] alleging, *inter alia*, that he was denied protective custody, wrongfully given an RVR or rules violation for refusing housing, denied due process in connection with a hearing regarding an RVR for having a sharp instrument, discriminated against and denied medical treatment. [1]. At the omnibus hearing, Plaintiff further explained his allegations that Defendants, all of whom worked at EMCF, failed to protect him from assaults by other inmates and discriminated against him because he is homosexual. Plaintiff alleges that on March 9, 2013, an inmate drugged his coffee and then that inmate, together with another inmate, sexually assaulted Plaintiff. Plaintiff claims that he had warned several Defendants that he feared attacks from other inmates. Plaintiff testified that he told Defendants about the attack, yet they would not take him to get medical care or remove him from the zone. Approximately seven days after the attack, according to Plaintiff, a non-party made Defendants take Plaintiff to get medical attention. Plaintiff also claims that he asked Defendants to "red tag"[4] the inmates who attacked him. Plaintiff alleges that both before and after the attack, he had asked not to have any roommates due to the threats Plaintiff had received based on his sexual orientation.

## II.  Exhaustion

Defendants moved to dismiss this lawsuit because, *inter alia*, Plaintiff failed to exhaust available administrative remedies before filing suit. [65]. As Defendants point out, the

---

[3] A *pro se* prisoner's complaint is deemed filed on the day it is delivered to prison officials for mailing. *See, e.g., Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff signed his complaint on March 24, 2013, and the Court is using that date as the filing date though the complaint was not stamped filed by the Clerk's office until April 24, 2013.

[4] Generally, if an inmate requests that another inmate be "red tagged," it means that he/she considers the inmate a physical threat with whom he/she should not be housed.

applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

It is undisputed that EMCF had a grievance procedure and that Plaintiff utilized it. In support of their motion, Defendants filed the affidavit of Rebecca Naidow, Administrative Remedy Program (ARP) Coordinator at EMCF, detailing Plaintiff's grievances while at EMCF [65-1]. Though Defendants concede that Plaintiff did exhaust administrative remedies regarding his challenge to the RVR for having a sharp instrument, Defendants argue that Plaintiff failed to exhaust with respect to the remainder of his claims. [66] at 11.

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court again confirmed that exhaustion is mandatory under the PLRA and that "unexhausted claims cannot be brought in

3

court." The PLRA governs Plaintiff's claims. Accordingly, he was required to complete the EMCF's grievance procedure in its entirety before filing suit under Section 1983. The Fifth Circuit has confirmed that the "pre-filing exhaustion of prisoner grievance processes is mandatory," and that "district courts have no discretion to excuse a prisoner's failure to properly exhaust." *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012) (per curiam); *see also Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012).

> The *Gonzalez* Court specifically stated:
>
> ... District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

Naidow's affidavit reflects that before filing this lawsuit Plaintiff exhausted a grievance with respect to the RVR for having a sharp instrument and a grievance concerning losing an orderly job allegedly due to discrimination based on his sexual orientation. [65-1] at 1-2. Plaintiff voluntarily dismissed a grievance concerning "red tagging" certain inmates whom he claimed had labeled him a snitch, before the administrative remedy process was complete. *Id.* at 1. Plaintiff submitted a grievance regarding his request for protective custody, dated March 4, 2013, but the process was not complete with respect to this grievance until May 13, 2013, [65-1] at 3, after this lawsuit was filed. Naidow avers that Plaintiff has no other grievances of record for which the administrative remedy process has been completed. [65-1]. Plaintiff has not submitted any evidence to dispute Naidow's affidavit.

The Court concludes that the only issues raised in the Complaint as to which Plaintiff has exhausted, and therefore the only claims which should not be dismissed without prejudice for failure to exhaust, are the one RVR/due process claim and the claim that Plaintiff has been discriminated against based sexual orientation.  The remainder of Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies.

Though Plaintiff's exhausted claim concerning sexual orientation discrimination was about losing an orderly job--not the name calling and general discrimination referenced during the omnibus hearing [65-2] at 35[5]--Plaintiff arguably does not have to file multiple grievances regarding the same issue to have exhausted.  *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012)("Where the prisoner's complaint addresses an ongoing problem or multiple instances of the same type of harm, prisoners need not file a new grievance in each instance to qualify for exhaustion.").  Accordingly, the Court will consider Plaintiff's discrimination claim on the merits.

### III.  Due Process

Plaintiff claims that his due process rights were violated when he received an RVR for having a sharp instrument, and then when his request that the RVR be overturned was not granted.  The grievance file regarding the RVR reflects that Plaintiff complained that the officer involved, who is not a defendant, gave incomplete, false and/or misleading information, and did not properly maintain the evidence against Plaintiff.  [65-1] at 11-12.  The grievance also alleged that Defendant Jones, the Disciplinary Hearing Officer, did not properly complete her findings.

---

[5]The job discrimination claim was against Defendant Anderson, whom Plaintiff voluntarily dismissed from this lawsuit. [65-2] at 34.

*Id.* at 12. Plaintiff's Complaint further indicates that he was not allowed to call witnesses at his disciplinary hearing. [1] at 3. Plaintiff claims that as a result of his unlawful RVR conviction, he was subjected to administrative segregation for twenty (20) days. [65-1] at 10.

In the prison discipline context, inmates are entitled to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Williams v. King*, 2012 WL 5207550 (S.D. Miss. Oct. 22, 2012)(analyzing inmate's challenge to RVR conviction under the Due Process Clause). However, prisoners have no protected liberty interest in their security classification, and they have no constitutional right to facility privileges. *Skinner v. Bufkin*, 2009 WL 2499788 (S.D. Miss. Aug. 13, 2009), citing *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th 2003) (Fifth Circuit "has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"). "[A]dministrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). In light of the applicable case law, Plaintiff has failed to state a claim with respect to his allegations regarding the RVR.

## IV. Discrimination

Plaintiff's claim that he was subjected to discrimination based on his sexual orientation is presumably grounded in the Equal Protection Clause of the Fourteenth Amendment. To prevail on an equal protection claim, Plaintiff must demonstrate that he was treated differently from "similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). "Neither the Supreme Court nor the Fifth Circuit 'has recognized sexual orientation as a suspect

classification' or protected group; nevertheless, governmental action may violate the equal protection rights of a homosexual person 'if it disadvantages homosexuals for reasons lacking any rational relationship to legitimate governmental aims.'" *Ward v. Lee*, 2011 WL 4381947, 3 (W.D. La. Aug. 11, 2011)(quoting *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004)).

Plaintiff has failed to show how any Defendant intentionally treated him differently from similarly-situated inmates due to his sexual orientation. While Plaintiff claims that he wrote Defendant Shaw reporting verbal harassment he received from other inmates, Plaintiff has failed to establish that Defendant Shaw treated him adversely on the basis of his identification as homosexual, as compared to other similarly-situated inmates.

Plaintiff also claims that he was "discriminated" against because Defendant Jones made derogatory remarks regarding his homosexuality.  However, it is well established that verbal insults simply do not amount to a constitutional violation.  *See, e.g.*, *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995).

## V.  Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment [65], is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [65] is hereby **GRANTED**.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice, except as to the due process claim and the discrimination claim, which are dismissed with prejudice.  A separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 7th day of October, 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
